# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
### SAVANNAH DIVISION

| | | |
|---|---|---|
| DANIEL HOLLOMAN | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CV422-149 |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| | ) | |
|     Defendant. | ) | |

## ORDER

Before the Court is Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Doc. 18. The Commissioner initially opposed the request. Doc. 19. However, the parties subsequently submitted a Notice of Joint Stipulation of the Parties indicating that the Commissioner withdrew the opposition to the fee petition in exchange for Plaintiff's counsel reducing the amount sought. *See* doc. 20. For the reasons explained, the motion, as modified by the parties' stipulation, is **GRANTED**. Doc. 18.

## I.   BACKGROUND

The Court, on the Commissioner's motion, reversed and remanded plaintiff's social security appeal to the agency for further consideration,

and judgment was entered in plaintiff's favor. Doc. 15 (Motion); doc. 16 (Order); doc. 17 (Judgment). Plaintiff then filed the instant motion requesting $6,089.50 in attorney's fees and costs. Doc. 18 at 3. The requested attorney's fees were comprised of 45.5 hours at a rate of $125 per hour, totaling $5,687.50, plus a $402 filing fee. Doc. 18-1 at 3.

The Commissioner objected only to the total hours, arguing "Plaintiff's attorney seeks compensation for a clerical task and excessive attorney time spent on Plaintiff's complaint, brief, and other tasks." Doc. 19 at 2. Defendant asked the Court to "review the itemization of [counsel's] hours and reduce the EAJA award to a reasonable number of hours." *Id.* at 6. Shortly thereafter, the parties' submitted their joint stipulation, wherein Plaintiff agreed to reduce the claimed hours by 1.5 hours, to a total of 44 hours, and Defendant agreed to withdraw its opposition to the fee petition. *See* doc. 20 at 2.

## II.   ANALYSIS

"Under the EAJA, a party that prevails against the United States in court may be awarded fees . . . if the government's position in the litigation was not 'substantially justified.'" *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1271 (11th Cir. 2010) (citing 28 U.S.C. §

2412(d)(1)(A)).  A plaintiff who wins remand pursuant to sentence four of 42 U.S.C. § 405(g) is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-01 (1993).  A prevailing party may file a motion for attorney's fees under the EAJA up to 90 days after entry of judgment.  *Newsome v. Shalala*, 8 F.3d 775, 779 (11th Cir. 1993).  Where an award is appropriate, the Court must also determine whether the number of hours counsel claims to have expended on the matter, counsel's requested hourly rate, and the resulting fees are all reasonable.  *See Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988).

Plaintiff is a prevailing party, and his request is timely.  He has also demonstrated that the Commissioner's position was not substantially justified.  *See, e.g.*, doc. 15 (Defendant's motion to remand to the agency for further consideration of Plaintiff's residual functional capacity).  Moreover, the Commissioner concedes that the agency's decision was not substantially justified.  *See* doc. 19 at 1.  Plaintiff is entitled to an award pursuant to the EAJA.

The requested fees, as modified by the parties' stipulation, are reasonable.  EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter

3

multiplied by a reasonable hourly rate. *Jean*, 863 F.2d at 773. In the Eleventh Circuit, "[t]he court, either trial or appellate, is itself an expert on the question of [attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ." *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988) (citations omitted). Under the EAJA, fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Plaintiff's counsel's rate is the statutorily mandated $125 per hour. *See* doc. 18-1 at 3; *see also* doc. 18 at 3.

First, the number of hours expended on this case by Plaintiff's counsel, as modified by the stipulation, appears reasonable. *See* doc. 18-1 at 1-3; doc. 20 at 2. As modified, Counsel spent 44 hours total on the case. *See* doc. 20 at 2. The transcript totaled 908 pages, *see* doc. 11-1, and counsel distilled that record down into a 17-page persuasive brief containing three distinct arguments, *see* doc. 14. The brief was ultimately successful since the Commissioner moved to remand the case to the agency for further consideration. Doc. 15. While the Defendant

initially argued that some of the billed time appeared to be excessive, Plaintiff's counsel agreed to reduce his hours by 1.5 to address those concerns. *See* doc. 20.

Applying the $125 hourly rate, Plaintiff requests a fee award of $5,500 for the 44 hours of work. Doc. 20 at 2. Plaintiff also seeks reimbursement of $402 in costs. *Id.* While the petition for this amount is due to be granted, Plaintiff's motion states that "Plaintiff's counsel respectfully seeks payment of all claimed fees and expenses . . . ." Doc. 18 at 2. This is problematic for two reasons. First, as the Commissioner points out, the filing fee is not an "expense," but a "cost." *See* doc. 19 at 1, n.1. The Court presumes the Plaintiff intended to seek reimbursement of the filing fee as a "cost," so that it can be "paid out of the Judgement Fund, not from agency funds." *Id.*

Second, the motion implies that Plaintiff's counsel seeks reimbursement on his own behalf. However, in *Astrue v. Ratliff*, the Supreme Court held that an EAJA award "is payable to the litigant and is therefore subject to a Government offset to satisfy a pre-existing debt that the litigant owes the United States." 560 U.S. 586, 589 (2010). Based on *Ratliff*, the proper course is to "award the EAJA fees directly to

Plaintiff as the prevailing party and remain silent regarding the direction of payment of those fees." *Bostic v. Comm'r of Soc. Sec.*, 858 F. Supp. 2d 1301, 1306 (M.D. Fla. 2011). This is especially important here, as the motion does not indicate whether Plaintiff and his counsel have entered into an assignment of EAJA fees. *Cf. Bostic*, 858 F. Supp. 2d at 1306 (leaving it "to the discretion of the government to accept Plaintiff's assignment of EAJA Fees and pay fees directly to Plaintiff['s] counsel after a determination that Plaintiff does not owe a federal debt."); *Robinson v. Comm'r of Soc. Sec.*, 2015 WL 176027, at *1 (M.D. Fla. Jan. 13, 2015) (allowing EAJA fees "to be paid by virtue of a fee assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury").

Despite the motion's implicit request, the Court awards the EAJA fees to Plaintiff, subject to offset by any debt owed by Plaintiff to the United States, and leaves it to the discretion of the Government to accept any assignment of EAJA Fees, if one exists, after a determination that Plaintiff does not owe a federal debt.

### III.   CONCLUSION

Plaintiff's Motion for Attorney Fees, as modified by the parties' joint stipulation, doc. 20, is **GRANTED**.  Doc. 18.  Plaintiff is awarded $5,500 in attorney's fees and $402 in costs.

**SO ORDERED,** this 25th day of January, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA